IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE M. JOYCE : CIVIL ACTION
:
v. :
:
RADISSON HOTEL PHILADELPHIA :
NORTHEAST, *et al.* : NO. 10-cv-3176-JF

MEMORANDUM

Fullam, Sr. J. February 14, 2011

Plaintiff has sued her former employer and its parent companies, her former supervisor, Jerry Skot, and the managing partner of one of the parent companies, William McNamara, alleging sex, age, and disability discrimination in violation of federal and state law, as well as violations of the Employee Retirement Income Security Act (ERISA) with regard to the alleged mishandling of Plaintiff's premium payments. Defendants have moved for dismissal of the state law and ERISA claims against all defendants and the federal discrimination claims against the individual defendants.

Defendants argue first that the ERISA claim should be dismissed because Plaintiff has failed to exhaust administrative remedies and to state a claim for which relief can be granted under ERISA. Although Defendants' exhaustion argument would be better addressed after further factual development, I agree that Plaintiff has failed to meet the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), as she has failed to allege facts that demonstrate a "facially plausible"

claim for relief against each defendant.

First, it is unclear what role, if any, each defendant had in administering Plaintiff's insurance plan. Second, Plaintiff represents that she is bringing a claim pursuant to Section 502(a)(3) of ERISA, codified at 29 U.S.C. § 1132(a)(3). This section authorizes injunctive or "other appropriate equitable relief" for ERISA violations, but Plaintiff does not specify the type of equitable relief she is seeking, and also seeks money damages, which Section 502(a)(3) does not authorize. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002). I will, however, grant Plaintiff leave to file an amended complaint, which must (1) specify the provisions of ERISA under which she is bringing her claims for equitable relief and damages; (2) plead facts demonstrating each named defendant's role in the administration of her insurance plan as well as facts supporting a finding of individual liability on the part of each defendant, bearing in mind the bases for individual liability under ERISA set forth in Hahnemann University Hospital v. All Shore, Inc., 514 F.3d 300, 309 (3d Cir. 2008); and (3) specify the type of equitable relief she is seeking, paying attention to the types of equitable relief allowed under ERISA pursuant to Great-West Life & Annuity Insurance Co., 534 U.S. at 209-10, 212-14.

As to the claim brought pursuant to the Pennsylvania Human Relations Act (PHRA), Defendants argue that because Plaintiff failed to initiate state administrative proceedings within the 180-day limit set forth in the statute, her claim is untimely. Plaintiff argues that the limitations period should be tolled based

on the continuing violations doctrine or pursuant to the doctrine of equitable tolling.  Because Plaintiff alleges that Mr. Skot misrepresented the reason for her termination, the claim may proceed on a theory of equitable tolling, which is better resolved on a developed record.  See <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994). I will dismiss the PHRA claim without prejudice as to Mr. McNamara, as Plaintiff has failed to plead sufficient facts to hold him individually liable pursuant to 43 P.S. § 955(e).  Plaintiff may amend her complaint to include factual pleadings supporting a finding that Mr. McNamara acted to "aid, abet, incite, compel or coerce the doing of any act declared by [the PHRA] to be an unlawful discriminatory practice" within the meaning of Section 955(e).  <u>Cf.</u> <u>Dici v. Pennsylvania</u>, 91 F.3d 542, 552-53 (3d Cir. 1996).

  Finally, as Plaintiff does not oppose dismissing the federal discrimination claims against the individual defendants, that part of the motion will be granted.

  An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.